IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| CHRISTOPHER ROBERTS, § | |
| § | |
| Plaintiff § | CIVIL ACTION NO. 5:22-CV-00054-RWS-JBB |
| v. § | |
| § | |
| DIRECTOR TDCJ-CID, § | |
| § | |
| Defendant. § | |

**ORDER**

Before the Court is Petitioner's objections to the Magistrate Judge's Report and Recommendation. Docket No. 4.

Petitioner Christopher Roberts, a prisoner currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 1. The Court referred this matter to the Magistrate Judge. The Magistrate Judge recommends the petition for writ of habeas corpus should be dismissed. Docket No. 3. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. Docket No. 4. This requires a *de novo* review of the objected-to portions of the Magistrate Judge's report and recommendation. *See* Fed. R. Civ. P. 72(b).

After conducting a *de novo* review of the objections, the pleadings and the Report and Recommendation of the Magistrate Judge, the Court has determined the Report and Recommendation of the Magistrate Judge is correct and that Petitioner's objections should be overruled for the reasons stated below.

Petitioner raises two arguments in his objections. First, Petitioner contends he is entitled to relief because the Due Process Clause requires that the findings in a disciplinary hearing must be

supported by some evidence. Docket No. 4 at 1. Second, Petitioner states that the balance of the evidence in this case fails to prove he committed the offense. *Id.*

Petitioner's first argument fails. Due process requires at least "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985). However, a prisoner cannot state a due process claim for federal habeas relief based on disciplinary sanctions unless the sanctions imposed affect the fact or duration of his confinement. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). As explained in the Magistrate Judge's Report, the punishment imposed in this case did not affect the fact or duration of confinement because Petitioner is not eligible for mandatory supervision. Thus, due process concerns are not implicated, and prison officials were not required to afford Petitioner due process at the disciplinary hearing. *See Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004); *Malchi*, 211 F.3d at 956.

Petitioner's second argument also fails. Even if the prison officials were required to afford Petitioner due process at the disciplinary hearing, the prison disciplinary report issued in this case would support the conclusion reached by the disciplinary hearing officer and satisfy the constitutional requirement for some evidence in prison disciplinary proceedings. *Hill*, 472 U.S. at 455–56; *Hudson v. Johnson*, 242 F.3d 534, 536–37 (5th Cir. 2001) (holding that information provided in a written offense report, standing alone, can satisfy the "some evidence" standard to support a prison disciplinary conviction). As a result, Petitioner's objections are without merit.

Additionally, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The standard for granting a certificate of appealability requires a petitioner to make a substantial showing of the

denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate he would prevail on the merits. Rather, he must demonstrate (1) that the issues are subject to debate among jurists of reason, (2) that a court could resolve the issues in a different manner or (3) that the questions raised are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *see also Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the motion was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his petition are subject to debate among jurists of reason, or that a procedural ruling was incorrect. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. Petitioner has not shown that the questions presented are worthy of encouragement to proceed further. Petitioner has, therefore, failed to make a sufficient showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability will not be issued. Accordingly, it is

**ORDERED** that the Petioner's objections (Docket No. 4) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 3) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**. It

is further

**ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE**. A final judgment will be entered in this case in accordance with this Order.

**So ORDERED and SIGNED this 4th day of May, 2023.**

                                                ROBERT W. SCHROEDER III
                                                UNITED STATES DISTRICT JUDGE